# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CRIMINAL NO. 05cr416-01 |
| v. | : CIVIL NO. 11cv5577 |
| | : |
| THEODORE H. LeBLANC | : |
| | : |

## Memorandum

YOHN, J.                                                                                                    January 25, 2012

Defendant Theodore H. LeBlanc has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on the grounds that the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that his convictions for honest-services fraud in violation of 18 U.S.C. §§ 1341, 1346 are invalid in light of the United States Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010). As discussed below, his motion is untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). I will therefore dismiss the motion without an evidentiary hearing.

I.      **Factual Background and Procedural History**

On April 18, 2006, a jury convicted LeBlanc of one count of conspiracy to commit honest-services mail fraud in violation of 18 U.S.C. § 371, six counts of honest-services mail fraud in violation of 18 U.S.C. §§ 1341, 1346, one count of soliciting a bribe in relation to a program receiving federal funds in violation of 18 U.S.C. § 666, one count of bank fraud in

1

violation of 18 U.S.C. § 1344, and one count of filing false income taxes in violation of 26 U.S.C. § 7206(1). On August 22, 2006, I sentenced LeBlanc to 51 months of imprisonment, three years of supervised release, a $1,000 fine, a $1,000 special assessment, and restitution of $83,000. LeBlanc completed the sentence of incarceration and is currently serving the sentence of supervised release.

These convictions stem from LeBlanc's actions as the mayor of the Borough of Norristown, Pennsylvania. In February 2003, while mayor, LeBlanc accepted a $10,000 cash bribe from Herbert Bagley, an insurance broker, in exchange for awarding Bagley a lucrative insurance contract with Norristown. At trial, LeBlanc argued that the $10,000 payment was a personal loan—not a bribe—and entered into evidence a copy of a "judgment note" that he had purportedly executed in February 2003 in favor of Bagley. The government argued that the note was a "sham" that had been prepared after LeBlanc and Bagley became aware that they were being investigated. The government emphasized that a search of LeBlanc's and Bagley's homes and businesses in April 2004 uncovered no such documents and that a copy of the note was first produced in January 2006, a mere three months before LeBlanc's trial.

LeBlanc filed a timely appeal arguing that the government knew that the note had been executed before the government began its investigation and that the government's efforts at trial to characterize the note as fabricated thus constituted prosecutorial misconduct. The Third Circuit found LeBlanc's argument unconvincing and affirmed his conviction on September 24, 2007.

LeBlanc filed this section 2255 motion on July 1, 2011, and an amendment to the motion on September 6, 2011.[1] The government filed its response on November 4, 2011, and argues that the motion is barred by AEDPA's one-year statute of limitations. The government further argues that even if timely, LeBlanc's motion should be denied on the merits. As discussed below, I agree that LeBlanc's motion is untimely and I will dismiss the motion.

**II.     Discussion**

Under section 2255, a prisoner in federal custody[2] may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose [the] sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255.  When a prisoner files a section 2255 motion, the district court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989) (citation omitted).  In making this determination, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Id.*

---

[1] LeBlanc's motion was placed in the United States mail on June 29, 2011. Because he was not incarcerated at the time, he cannot benefit from the "prison mailbox rule" as announced in *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998), and the relevant date for the timeliness analysis is the date the motion was filed, July 1, 2011. Nevertheless, the motion is time-barred even as of June 29, 2011.

[2] Although LeBlanc has finished serving his sentence of incarceration, he is currently serving his sentence of supervised release and thus is a "prisoner in custody" within the meaning of section 2255. *United States v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993).

LeBlanc's motion is governed by AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Under AEDPA, a federal prisoner seeking habeas relief under section 2255 must file his motion within one year from the latest of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Subsections (1), (3), and (4) are relevant to LeBlanc's motion.[3]

A defendant's judgment of conviction becomes final within the meaning of section 2255(f)(1) "on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires," which is ninety days from the date on which the court of appeals affirms the judgment of conviction.

---

[3] While the Third Circuit has held that the statute of limitations in AEDPA is subject to the doctrine of equitable tolling in very limited circumstances, *see Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003), LeBlanc has not presented any allegations or arguments that would support the application of equitable tolling here.

*Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Here, LeBlanc did not seek review by the Supreme Court; thus, his conviction became final on December 23, 2007, ninety days after the Third Circuit affirmed his judgment of conviction. For his motion to be timely under section 2255(f)(1), LeBlanc would have had to file his section 2255 motion by December 23, 2008. Given that he did not file this motion until July 1, 2011, his motion is time-barred under section 2255(f)(1).

LeBlanc's motion is also untimely under section 2255(f)(3). LeBlanc argues that his convictions for honest-services fraud are invalid in light of the Supreme Court's decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010). In *Skilling*, the Court determined that the honest-services fraud statute only proscribes schemes involving bribery or kickbacks and does not prohibit "conflict of interest" fraud, where an official violates a duty to disclose a conflict of interest and takes official action benefitting the undisclosed interest. *Id*. at 2932-33. At the time of LeBlanc's conviction, the Third Circuit had approved this "conflict of interest" theory, *United States v. Panarella*, 277 F.3d 678, 695 (3d Cir. 2002), and the jury was instructed both as to this theory and as to a bribery theory.[4] LeBlanc asks me to overturn his conviction for six counts of honest-services mail fraud and order a new trial.

The short, but clear, answer is that regardless of the merits of LeBlanc's argument, he is too late. Under section 2255(f)(3), "if [the Supreme] Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

---

[4] The bribery theory of honest-services fraud remains valid. *Skilling,* 130 S. Ct. at 2932-33. It is worth noting that LeBlanc was convicted of soliciting a bribe in violation of 18 U.S.C. § 666.

The statute also requires that the new constitutional right recognized by the Supreme Court be retroactively applicable to cases on collateral review. *Id*. Although the government concedes that *Skilling* applies retroactively to cases on collateral review and that section 2255(f)(3) thus extends the statute of limitations to June 24, 2011, one year after the Supreme Court's decision in *Skilling*, LeBlanc filed this motion on July 1, 2011, and so LeBlanc's motion is time-barred.

LeBlanc also requests a new trial on the ground that the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In particular, he alleges that the government knew of the existence of the judgment note in May 2004, over one and a half years earlier than the government represented to the jury at trial, but that it withheld this information from him. In support of this theory, he has attached to his motion a copy of a letter dated November 5, 2007, addressed to LeBlanc from Leigh P. Narducci, an attorney for Bagley. In the letter, Narducci explains that he began representing Bagley in May 2004 and that around May 2006 he encountered the original judgment note in his files. Narducci was interviewed by the government sometime later and disclosed that the original note had been located in his files but that he could not say definitively when it came into his possession—he could say only that it could not have been earlier than May 2004 when his representation of Bagley began. According to LeBlanc, "this letter proves that the government knew of the note prior to [his] indictment . . . [because] the Narducci letter clearly states that he informed government officials that he had the original note in May of 2004." (Am. to Mot. to Vacate, Set Aside, or Correct Sentence 1.)

Whatever the merits of LeBlanc's *Brady* argument, it is plainly time-barred. Under section 2255(f)(4) a federal prisoner has one year from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence" to bring a timely

6

habeas motion. 28 U.S.C. § 2255. LeBlanc claims that he did not learn of the alleged *Brady* violations until September 2010. However, I need not accept this factual allegation as it is "clearly frivolous on the basis of the existing record." *Virgin Islands*, 865 F.2d at 62. The letter that LeBlanc relies on to form the basis of his *Brady* claim is dated November 5, 2007, and was addressed to LeBlanc. He produced the letter, and has made no claims that there was any delay in his receiving the letter. Accordingly, he was on notice of the facts supporting his *Brady* claim on or about November 5, 2007, and had a year from his receipt of the letter to file his claim. LeBlanc's July 1, 2011, motion is well beyond the statute of limitations.

**III.   Conclusion**

For the reasons explained above, I will dismiss LeBlanc's petition. Thus, I must determine if a certificate of appealability should issue. A court may issue a certificate of appealability only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the defendant "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. As shown above, LeBlanc's motion violates the one-year statutory filing period contained in AEDPA. Therefore, a certificate of appealability will not issue.

An appropriate order follows.